On Motion to Dismiss.
The opinion of the Court was delivered by
Pociié, J.
This appeal is taken from a judgment appointing the Public Administrator, P. S. Wiltz, administrator of the succession.
The grounds urged for the dismissal of. the appeal are, that it was obtained out of term time, not on petition, and that no citation of appeal was issued.
The record shows that the judgment was rendered on September 27th, 1881, and signed on the 8th of October following, and that the order of appeal was granted, on appellants’ motion, on the 18th of the same month.
Appellee contends that the terms of the Civil District Court of the Parish of Orleans, are fixed and regulated by Section 1985 of the Revised Statutes, fixing the terms of the District Courts for the Parish of Orleans, established under the Constitution of 1868; under the provisions of which law, said terms began on the first Monday of November, and ended on the third of July of each year, and hence he argues that the appeal in this case was granted out of term-time, and that it should have been obtained by petition and followed by citation of appeal.
Appellants, on the other hand, urged that under the powers conferred *600 to it "by Art. 132 of tlie present Constitution, the Civil District Court for the Parish of Orleans, has fixed its own terms; that under the rules of said Court, its term for general matters begins on the first Monday of November and ends on the third of July of each year, and that from the third of July to the first Monday of November, of each year, Court shall be open, for certain enumerated purposes, among which is included the trial of all probate matters. Hence, they contend that the judgment appealed from was rendered at a term of Court legally established for tlm purpose of such a judgment, and that the order of appeal was properly and legally granted on their motion x>resented at the term at which the judgment was rendered.
All the courts created by the Constitution of 18G3, having been abolished by the present Constitution, it follows, as a logical proposition, that all laws xiassed under the former Constitution, specially intended for the regulation of courts created thereunder, have, of necessity, been, abrogated, and have disappeared with the courts for which they had been enacted. The object and the subject matter of the law having ceased to exist, the law itself has perished. Hence, wre are clear that Section 1985 of the Revised Statutes does not regulate the terms of the Civil District Court for the Parish of Orleans, and that under the present Constitution, such terms have been projmrly and legally fixed by said Court.
We, therefore, conclude that in Scx>tombor and October last that tribunal was legally open for the trial of probate matters; that the judgment appealed from was rendered at a term of Court legally established for the purpose of such judgments, and that the order of aj>x>eal was legally obtained at the same term.
Appellee’s theory, under which the Court was ojien for the purpose of rendering a valid judgment in his favor, but not for i he pmpose of granting an order of appeal therefrom, on motion, is glaringly illogical and absolutely untenable. 21 A. 733, State ex rel. New Orleans vs. Judge, etc.
The motion to dismiss this apjieal is, therefore, overruled at apx>ellants" costs.